**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DORENE MIRANDA,**

           Plaintiff,

**vs.**                             **CASE NO.**_____

**ENHANCED RECOVERY**
**COMPANY, LLC d/b/a ERC,**

           Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

    1.    Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337, 1367 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls and mailed letters into this District.

**PARTIES**

    3.    Plaintiff, Dorene Miranda is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4. Defendant, Enhanced Recovery Company, LLC d/b/a ERC is a foreign business corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices in Jacksonville, Florida.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA and FCCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes. Specifically, Defendant attempted to collect a debt allegedly incurred to AT&T for cellular service and equipment from Plaintiff.

10. Plaintiff does not owe the alleged debt.

11. Plaintiff returned the cellular telephone and cancelled the cellular service within the applicable cancellation period.

12. On or before March 2, 2016, Defendant began contacting Plaintiff in an attempt to collect the alleged debt.

13. On April 13, 2016, Plaintiff provided correspondence to Defendant. A copy of the April 13, 2016 correspondence and fax verification report is attached hereto

as "Exhibit A". (The letter has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

14. The April 13, 2016 correspondence informs Defendant that Plaintiff wishes Defendant to cease further communication with Plaintiff.

15. On April 15, 2016, Defendant sent a demand for payment to Plaintiff. A copy of the April 15, 2016 demand for payment is attached hereto as "Exhibit B". (The letter has been redacted to comply with Fed. R. Civ. P. 5.2 "Privacy Protection for Filings Made with the Court".)

16. On April 18, 2016 at approximately 9:34 AM, Defendant placed a telephone call to Plaintiff.

17. Defendant transmitted false and deceptive caller ID information in the April 18, 2016 telephone call.

18. Specifically, Defendant caused a telephone number with an 813 area code, which is Plaintiff's local area code, to be transmitted to Plaintiff's caller ID.

19. Upon information and belief, Defendant did not place the telephone call from anywhere within the 813 area code.

20. Consumers are more likely to answer or call back calls from local area codes.

21. Upon information and belief, Defendant transmitted the local number in order to trick Plaintiff into answering Defendant's telephone call.

### COUNT I - FDCPA
### FAILURE TO CEASE AND DESIST COMMUNICATION
### IN VIOLATION OF 15 U.S.C. § 1692c(c)

22. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant continued to communicate with Plaintiff after Plaintiff notified Defendant in writing that Plaintiff wished Defendant to cease further communication with Plaintiff in violation of 15 U.S.C. § 1692c(c).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

### COUNT II
### FALSE REPRESENTATION OF DEBT
### IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(2)(A)

24. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

25. Defendant falsely represented the character or amount of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III – FDCPA
## USE OF FALSE REPRESENTATIONS OR DECEPTIVE MEANS

26. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

27. Defendant used false representations or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(10).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## UNFAIR PRACTICES
## IN VIOLATION OF 15 U.S.C. § 1692f(1)

28. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

29. Defendant attempted to collect an amount not authorized by the agreement creating the debt in violation of 15 U.S.C. §1692f(1).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V - FCCPA
## HARASSMENT AND ABUSE
## IN VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

30. Plaintiff incorporates Paragraphs 1 through 21 above as if fully set forth herein.

31. Defendant willfully communicated with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff, or willfully engage in other conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat. § 559.72(7).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    */s/ James S. Giardina*
    [ X] James S. Giardina – Trial Counsel
    Fla. Bar No. 0942421
    [   ] Kimberly H. Wochholz
    Fla. Bar No. 0092159
    **The Consumer Rights Law Group, PLLC**
    3104 W. Waters Avenue, Suite 200
    Tampa, Florida 33614-2877
    Tel: (813) 435-5055 ext 101
    Fax: (866) 535-7199
    James@ConsumerRightsLawGroup.com
    Kim@ConsumerRightsLawGroup.com
    *Counsel for Plaintiff*